IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. )<br>SAMUEL LEWIS, )<br>)<br>Petitioner, )<br>v. )<br>)<br>SALVADOR GODINEZ, Warden, )<br>Illinois Department of Corrections,[1] )<br>)<br>Respondent. ) | No. 11 C 6859<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Petitioner Samuel Lewis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which respondent has moved to dismiss as time-barred. For the following reasons, the court grants respondent's motion to dismiss the habeas petition with prejudice and declines to issue a certificate of appealability.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, petitioner was convicted on one count of attempted aggravated criminal assault and two counts of aggravated kidnaping, for which he was sentenced to forty years' imprisonment. Petitioner appealed his conviction, and the Illinois Appellate Court affirmed, People v. Lewis, No. 1-94-2790 (Ill. App. Ct. Aug. 25, 1995), and denied petitioner's subsequent petition for rehearing, People v. Lewis, No. 1-94-2790

---

[1] At the time he filed the instant petition, petitioner was incarcerated at Hill Correctional Center, and he appropriately named its warden as respondent. Petitioner completed his term of imprisonment and is serving a two-year mandatory supervised release period. Although he is currently in the custody of the Illinois Department of Human Services, "[t]he [Illinois] Department of Corrections retains custody of [petitioner] during the period of mandatory supervised release he presently is serving." Therefore, the current Director of the Illinois Department of Corrections, Salvador Godinez, is substituted as respondent. Schaff v. Snyder, 190 F.3d 513, 513 n.* (7th Cir. 1999).

(Ill. App. Ct. Nov. 4, 1995). Respondent states, and petitioner does not dispute, that petitioner did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On July 21, 1997, petitioner filed a state habeas complaint (in which he also requested appointed counsel), which the Circuit Court of Cook County dismissed on August 26, 1997. People v. Lewis, No. 92 CR 1822 (Cook Cty. Cir. Ct. Sept. 11, 1997). The Illinois Appellate Court affirmed the dismissal. People v. Lewis, No. 1-97-3668 (Ill. App. Ct. May 7, 1998), and the Illinois Supreme Court denied petitioner's PLA. People v. Lewis, No. 85844 (Ill. Oct. 28, 1998).

Petitioner proceeded to file another state habeas complaint, this one in the Circuit Court of Knox County. The Circuit Court dismissed the complaint, People v. Lewis, No. 5 MR 156 (Knox Cty. Cir. Ct. Feb. 13, 2009), and the Illinois Appellate Court affirmed, People v. Lewis, No. 3-09-0215 (Ill. App. Ct. Mar. 22, 2010). Petitioner filed a PLA, which the Illinois Supreme Court denied. People v. Lewis, No. 110439 (Ill. Sept. 29, 2010).

On September 23, 2011, petitioner filed the instant petition for a writ of habeas corpus.[2]

## DISCUSSION

### I.     Respondent's Motion to Dismiss

Respondent correctly argues that petitioner's habeas petition is time-barred because petitioner failed to file it within the one-year limitations period. 28 U.S.C. § 2244(d). Unless a

---

[2] On that date, petitioner placed the petition in the institutional mail at Hill Correctional Center. For purposes of this motion, the court construes that date as the date on which the petition was filed. See Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts. Respondent contends that petitioner did not comply with that rule's requirement that an inmate state that first-class postage has been prepaid, but (as respondent acknowledges) whether the petition is considered "filed" on September 23, 2011, or on some later date is irrelevant to the resolution of the instant motion.

petitioner's claim turns on a newly discoverable factual predicate or newly recognized constitutional right, or could not have been timely filed due to a state-created impediment, see 28 U.S.C. § 2244(d)(1)(B)-(D), the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Illinois Appellate Court affirmed petitioner's conviction on August 25, 1995, and his petition for rehearing was denied on November 4, 1995. Because petitioner did not file a PLA to the Illinois Supreme Court, the judgment became final on November 25, 1995—21 days[3] after the November 4, 1995, order, and well before AEDPA's effective date of April 24, 1997. Petitioner therefore had until April 24, 1997, to file the instant petition. See, e.g., Balsewicz v. Kingston, 425 F.3d 1029, 1032 (7th Cir. 2005).

Petitioner did not, however, file his § 2254 petition by that date, nor did he toll the statute of limitations with any state-court filings. His two state habeas complaints were not filed until after the one-year limitations period had expired—the first was filed on July 21, 1997, 453 days after AEDPA's one-year limitations period took effect on April 24, 1996, and 88 days after the limitations period expired. Those petitions therefore did not have any tolling effect. DeJesus v. Acevedo, 567 F3d 941, 942 (7th Cir. 2009). An additional 1,520 days of untolled time passed between the date on which his PLA on his first habeas complaint was denied[4] and the date on

---

[3] Pursuant to the version of Illinois Supreme Court Rule 315(b) in effect at that time, petitioner had 21 days from the date of the Appellate Court's judgment to file a PLA or an affidavit of intent to file a PLA (which then gave a petitioner 35 days to file the PLA). The rule has since been amended to permit filing within 35 days, but even if the current version of the rule had been in effect in 1995, the instant petition would still be untimely.

[4] A habeas petitioner is not entitled to tolling of the 90-day period in which he could have, but did not, file a petition for a writ of certiorari to the United States Supreme Court on postconviction or other collateral review. Lawrence v. Florida, 549 U.S. 327, 332 (2007).

3

which he filed his second habeas complaint. And between the date on which the Illinois Supreme Court denied petitioner's PLA regarding his second state habeas petition and the date on which petitioner filed the instant petition, another 359 days elapsed. Thus, the instant petition was filed 1,967 days (over five years) after AEDPA's statute of limitations had expired.

Petitioner is not entitled to equitable tolling, which excuses an untimely petition only when a petitioner demonstrates, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (internal quotation marks and citation omitted); see, e.g., Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010). Petitioner does not argue that he was diligently pursuing his rights or that extraordinary circumstances stood in his way, nor are any such facts suggested by the record.

Therefore, because the petition is untimely and because petitioner is not entitled to equitable tolling, respondent's motion to dismiss the petition with prejudice is granted.

## II. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's

4

underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Here, as explained above, petitioner's claim is time-barred. Petitioner has not shown, nor would he be able to show, that reasonable jurists could debate that this court should have resolved that question in a different manner. The court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

Thus, for the reasons discussed above, the court grant's respondent's motion and dismisses with prejudice the petition for a writ of habeas corpus. The court declines to issue a certificate of appealability.


**ENTER:** **June 28, 2012**

_____
**Robert W. Gettleman
United States District Judge**